## JOHN MCMURTRY *v.* O. S. TENNY.

**Contracts—Building Contract—Change in Specifications.**

> Where a building contract was changed, permitting the contractor to put in a stone foundation instead of brick as called for by the specifications, it was held that the contractor was not bound to comply literally with the specifications in the construction of the foundation, because of the use of different material, necessitating a difference in the manner of construction.

**Contracts—Building Contract—Change in Specifications—Compensation.**

> A contractor was held not entitled to pay for extra work on account of stone walls put in being thicker than brick walls called for by the specifications, since the stipulations in regard to the change of materials require the cost to be the same.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 5, 1873.

OPINION BY JUDGE LINDSAY:

The rule of pleading provided by the Civil Code of Practice has been utterly disregarded in the preparation of this case. The parties, instead of stating the facts constituting their claims and defenses in ordinary and concise language without repetition, have repeated and elaborated to such an extent as to require one hundred and twenty pages of legal cap to state the two or three simple issues necessary to be determined.

We do not concur with the circuit judge in his construction of the contract between Gunsally and the appellant. Although the foundation walls of the structure were to be built of stone in every respect as the same are described to be "built in brick work in specifications," etc., yet it did not follow as a matter of course that the necessary and unavoidable differences in the manner of the erection of stone and brick walls were to be disregarded; neither

party so understood the contract at the time the work was commenced by the appellee, Tenney. The stone work was not laid in hydraulic cement one foot high, nor was the outside course of the walls covering against the earth so laid, nor was the outside face of the walls that come in contact with the earth plastered with said cement, as was required to be done in the construction of the contemplated brick foundation. McMurtry did not request nor did Tenney offer so to construct said work, although the contract required the stone work to be done in every respect as prescribed for the brick work by the specifications.

It is further to be observed that inverted arches under the openings to be made in the building above were not constructed in the stone work, although such was the contract as to the brick foundation.

Their failures to comply literally with the specifications were proper in view of the fact that the different materials used in the construction of the two kinds of work necessitated differences in the manner of construction.

We see nothing in the language of the contract evidencing an intention on the part of the contracting parties to disregard these well established distinctions. Nor can it be gathered therefrom that Gunsally was to be allowed to build stone walls so narrow that they not only would not support the superstructure to be put upon them, but some of which would fall of their own weight. At the beginning of the work the parties evidently understood that the stone walls were to be of the dimensions usually put under such buildings as that being erected, and this in our opinion is the proper legal construction of the contract when considered in connection with the circumstances under which it was made.

The work was given to Gunsally for his accommodation. It was no interest to McMurtry to have the foundation built of stone instead of brick, as he had contracted to build it. He was not to receive a cent more for the work when so done than under his original contract, and he expressly stipulated that he was only to pay Gunsally the same price the basement walls would have cost if built with brick, as per plan and specification. The fact that it is recited that this price was ($12) twelve dollars per thousand brick, does not mean that the stone work was to be measured in the same manner and paid for at the same time, but that the aggregate amount

of what the brick work basement would have cost was to be ascertained by the mode of measurement and the price so set out.

We are therefore of opinion that Tenney was not entitled to pay for extra work on account of the stone walls being thicker than the brick walls were required to be built, and that the circuit judge erred in so adjudging.

McMurtry's right to recover on his counterclaim must depend upon whether he was in default in refusing to make additional payment to Tenney when the latter demanded the last estimate. This fact can only be determined by ascertaining whether or not at that time Tenney was fully paid for the work done according to the terms of his contract.

We perceive no error in the action of the circuit court as to the common law action for $105.71, but for the errors pointed out the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Turner*, for appellant.

*Buckner, Holt, Tenney*, for appellee.